FILED-CLERK
DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

2010 MAY 26  AM 10: 51

EASTERN-MARSHALL

| | |
|---|---|
| Bluestone Innovations Texas, L.L.C. | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) C.A. No. **2-10CV-171** |
| EPISTAR CORPORATION; | ) |
| FORMOSA EPITAXY INC.; | ) **JURY TRIAL DEMANDED** |
| HUGA OPTOTECH INC.; | ) |
| NICHIA CORPORATION; | ) |
| NICHIA AMERICA CORPORATION; | ) |
| SHOWA DENKO K. K.; | ) |
| SHOWA DENKO AMERICA, INC. | ) |
| TEKCORE CO., LTD.; | ) |
| TOYODA GOSEI CO., LTD.; | ) |
| TOYODA GOSEI NORTH AMERICA | ) |
| CORPORATION; | ) |
| TOYODA GOSEI TEXAS, LLC.; AND | ) |
| WALSIN LIHWA CORPORATION. | ) |
| | ) |
| Defendants. | ) |
| | ) |

BY._____

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Bluestone Innovations Texas, L.L.C. ("Bluestone"), for its Complaint against

Defendants Epistar Corporation, Formosa Epitaxy Inc., Huga Optotech Inc., Nichia Corporation,

Nichia America Corporation, Showa Denko K. K., Showa Denko America, Inc., Tekcore Co.

Ltd., Toyoda Gosei Co., Ltd., Toyoda Gosei North America Corporation, Toyoda Gosei Texas,

LLC., and Walsin Lihwa Corporation (collectively "Defendants") by and through its attorneys,

alleges as follows:

### I.  THE PARTIES

1.  Plaintiff Bluestone is a Texas limited liability company located at 350 N. St. Paul

Street, Dallas, Texas.

2.   On information and belief, Epistar Corporation ("Epistar") is a foreign corporation existing under the laws of Taiwan with a principal place of business located at 5 Li-hsin 5th Rd., Science-based Industrial Park, Hsinchu, Taiwan 300, Republic of China.

3.   On information and belief, Formosa Epitaxy Inc. ("FOREPI") is a foreign corporation existing under the laws of Taiwan with a principal place of business located at No. 99, Lun Yuan 1st Road, Lung-Tan, Taoyuan, Taiwan, Republic of China.

4.   On information and belief, Huga Optotech Inc. ("Huga") is a foreign corporation existing under the laws of Taiwan with a principal place of business located at No. 40, Industrial 34th Road, Taichung Industrial Park, Taichung, Taiwan, Republic of China.

5.   On information and belief, Nichia Corporation ("Nichia") is a foreign corporation existing under the laws of Japan with a principal place of business located at 491 Oka, Kaminaka-Cho, Anan-Shi, Tokushima 774-8601, Japan.  On information and belief, Nichia has subsidiaries in the United States, including in Los Angeles, California and Detroit, Michigan.

6.   On information and belief, Nichia America Corporation ("Nichia America") is a subsidiary of Nichia in the United States with a principal place of business located at 48561 Alpha Drive, Suite 100, Wixom, MI 48393.

7.   On information and belief, Defendant Showa Denko K. K. ("SDK") is a foreign corporation existing under the laws of Japan with a principal place of business located at 13-9, Shiba Daimon 1-Chome, Minato-ku, Tokyo 105-8518, Japan.  On information and belief, SDK has a subsidiary in the United States.

8.   On information and belief, Defendant Showa Denko America, Inc. ("SDA") is a 100% subsidiary of SDK in the United States with a principal place of business located at 420 Lexington Avenue, Suite 2850, New York, NY 10170, U.S.A.

2

9. On information and belief, Tekcore Co., Ltd. ("Tekcore") is a foreign corporation existing under the laws of Taiwan with a principal place of business located at No.18, Tzu-Chung 3rd. Road, Nan-Kung Industrial Zone, Nantou 540, Taiwan, Republic of China.

10. On information and belief, Defendant Toyoda Gosei Co., Ltd. ("Toyoda") is a foreign corporation existing under the laws of Japan with a principal place of business located at 1 Haruhinagahata Kiyosu, Aichi 452-8564, Japan.

11. On information and belief, Defendant Toyoda Gosei North American Corporation ("Toyoda America") is a corporation existing under the laws of Michigan with a principal place of business located at 1400 Stephenson Highway, Troy, Michigan 48083, U.S.A.

12. On information and belief Toyoda America manages Toyoda' operations, engineering, and sales in North America.

13. On information and belief, Defendant Toyoda Gosei Texas, LLC ("Toyoda Texas") is a corporation existing under the laws of Texas with a principal place of business located at 1 Lone Star Pass, Building 31, San Antonio, TX 78264, U.S.A.

14. On information and belief, Walsin Lihwa Corporation ("Walsin") is a foreign corporation existing under the laws of Taiwan with a principal place of business located at 25F, No.1, Songzhi Road, Taipei 11047, Taiwan, Republic of China.

## II. JURISDICTION AND VENUE

15. This is an action for patent infringement arising under the patent laws of the United States (Title 35 of the United States Code). The Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction, pursuant to due process and/or

the Texas Long Arm Statute, due at least to their substantial business in this forum, including at least a portion of the infringements alleged herein.

16. On information and belief, within this district Defendants, directly and/or through intermediaries, have advertised (including through websites), offered to sell, sold and/or distributed infringing products, and/or have induced the sale and use of infringing products.

17. Further, on information and belief, Defendants are subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas.

18. On information and belief, FOREPI has maintained substantial contact with this forum through the establishment of a plant in Point Comfort, Texas.

19. On information and belief, Toyoda has maintained substantial contact with this forum by managing its operations, engineering, and sales in North America through Toyoda Texas out of San Antonio, TX.

20. On information and belief, SDK has purposefully availed itself of the benefits of conducting business in the State of Texas by entering into a contract with a Texas Corporation, for example Sachem, Inc., to form a joint venture SACHEM SHOWA Co., Ltd. engaged in the manufacture and sale of raw material for use in making semiconductors.

21. On information and belief, Nichia has previously invoked the benefits and protections of Texas law by filing suit in the Eastern District of Texas to enforce at least U.S. Patent No. 5,998,925 ("the '925 patent"), entitled "Light Emitting Device Having a Nitride Compound Semiconductor and a Phosphor Containing a Garnet Fluorescent Material," and U.S. Patent No.

4

7,026,756 ("the '756 patent"), entitled "Light Emitting Device with Blue Light LED and Phosphor Components."

22. Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). On information and belief, from and within this Judicial District each Defendant has committed at least a portion of the infringements at issue in this case. Without limitation, within this district Defendants, directly and/or through intermediaries, have advertised (including through websites), offered to sell, sold and/or distributed infringing products, and/or have induced the sale and use of infringing products.

## III. FACTUAL ALLEGATIONS

### A. The Patent-in-Suit

23. Bluestone owns patents relating to leading edge technologies for fabricating nitride films that can be used in optoelectronic devices including light emitting diodes ("LEDs"), and edge and surface emitting laser diodes.

24. United States Patent No. 6,163,557 (the " '557 Patent") entitled "Fabrication of Group III-V Nitrides on Mesas" was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on December 19, 2000. A copy of the '557 Patent is attached hereto as Exhibit A.

25. Bluestone is the owner of the '557 Patent by virtue of an assignment and owns all rights and title to the '557 Patent.

### B. Infringement of the Patent-in-Suit by Epistar

26. On information and belief, Epistar has been and is engaged in the manufacture, importation, offering for sale, and/or sale of light emitting diode ("LED") semiconductor devices and other optoelectronic devices, such as indium gallium nitride ("InGaN") LED chips, for

5

example model nos. ES-CEBHV08C, ES-CEBHV10F, as well as other Venus-series, Mars-series, and J-series models, throughout the United States, including in this Judicial District, which lead to and did cause direct or indirect infringement of the patent at issue in this lawsuit.

### C. Infringement of the Patent-in-Suit by FOREPI

27. On information and belief, FOREPI has been and is engaged in the manufacture, importation, offering for sale, and/or sale of light emitting diode ("LED") semiconductor devices and other optoelectronic devices, such as gallium nitride ("GaN") LED wafers and chips, indium gallium nitride ("InGaN") LED wafers and chips, for example model no. FI2301KAZ-BL, throughout the United States, including in this Judicial District, which lead to and did cause direct or indirect infringement of the patent at issue in this lawsuit.

### D. Infringement of the Patent-in-Suit by Huga

28. On information and belief, Huga has been and is engaged in the manufacture, importation, offering for sale, and/or sale of semiconductor and optoelectronic devices such as high power InGaN LED wafers and chips, for example model no. HD07710SBPKGOBB, throughout the United States, including in this Judicial District, which lead to and did cause direct or indirect infringement of the patent at issue in this lawsuit.

### E. Infringement of the Patent-in-Suit by Nichia and Nichia America

29. On information and belief, Nichia and Nichia America have been and are engaged in the manufacture, importation, offering for sale, and/or sale of LEDs, laser diodes, and other optical semiconductor devices such as nitride-based semiconductors, for example model no. NS6W083A Power LED, throughout the United States, including in this Judicial District, which lead to and did cause direct or indirect infringement of the patent at issue in this lawsuit.

30. On information and belief, Defendants Nichia and Nichia America are jointly and severally liable for their individual and collective acts taken in furtherance of the manufacture, importation, offering for sale, or sale of LEDs, laser diodes, and other optical semiconductor devices such as nitride-based semiconductors in the United States, which include, but not limited to, the Nichia NS6W083A Power LED.

**F.  Infringement of the Patent-in-Suit by SDK and SDA**

31. On information and belief, SDK and SDA have been and are engaged in the manufacture, importation, offering for sale, and/or sale of LED chips and other optical semiconductor devices including model no. GM2GR460G, throughout the United States, including in this Judicial District, which lead to and did cause direct or indirect infringement of the patent at issue in this lawsuit.

32. On information and belief, Defendants SDK and SDA are jointly and severally liable for their individual and collective acts taken in furtherance of the manufacture, importation, offering for sale, or sale of LED chips and other optical semiconductor devices including, but not limited to, model no. GM2GR460G in the United States.

**G.  Infringement of the Patent-in-Suit by Tekcore**

33. On information and belief, Tekcore has been and is engaged in the manufacture, importation, offering for sale, and/or sale of light emitting diode (LED) semiconductor devices including  gallium nitride (GaN) light emitting diode (LED) wafers and chips model no. BB1P53A-SP128 and BB1053A-SPI, throughout the United States, including in this Judicial District, which lead to and did cause direct or indirect infringement of the patent at issue in this lawsuit.

### H. Infringement of the Patent-in-Suit by Toyoda, Toyoda America and Toyoda Texas

34. On information and belief, Toyoda, Toyoda America, and Toyoda Texas have been and are engaged in the manufacture, importation, offering for sale, and/or sale of semiconductor devices including chip model no. E1CEO-5BN11-08, throughout the United States, including in this Judicial District, which lead to and did cause direct or indirect infringement of the patent at issue in this lawsuit.

35. On information and belief, Toyoda, Toyoda America, and Toyoda Texas are jointly and severally liable for their individual and collective acts taken in furtherance of the manufacture, importation, offering for sale, and/or sale of semiconductor devices including, but not limited to, model no. E1CEO-5BN11-08 in the United States.

### I. Infringement of the Patent-in-Suit by Walsin

36. On information and belief, Walsin has been and is engaged in the manufacture, importation, offering for sale, and/or sale of LED chips and wafers for LED products suitable for solid-state lighting, LCD backlighting and consumer electronics applications, cell-phone, camera, LCD back lighting, automotive lighting, interior and exterior lighting, outdoor/indoor displays and various consumer products. On information and belief, Walsin's LED products including, for example, blue LED chip model no. WL-NBNA1023, are then offered for sale, sold, or imported for sale throughout the United States, including in this Judicial District, which lead to and did cause direct or indirect infringement of the patent at issue in this lawsuit.

### CAUSE OF ACTION
### (COUNT I - INFRINGEMENT OF THE '557 PATENT)

37. Bluestone realleges and incorporates by this reference each and every allegation set forth in the preceding paragraphs 1 through 36 as if fully set forth here.

38. Defendants have committed acts which include manufacturing, using, selling, offering to sell, or importing into the United States, a product that infringes one or more claims of the '557 Patent.

39. As a direct and proximate result of Defendants' infringement, Bluestone will continue to suffer serious irreparable injury and damages for which Bluestone is entitled to relief.

40. As a direct and proximate result of Defendants' infringement, Bluestone will continue to suffer serious irreparable injury and damages unless Defendants' infringement is enjoined.

41. On information and belief, Defendants' infringement of the '557 Patent has been willful and deliberate, without license, and with full knowledge of the '557 Patent.

## PRAYER FOR RELIEF

**WHEREFORE**, Bluestone respectfully requests that this Court enter judgment in its favor and against Defendants and grant the following relief:

A. That this Court adjudge and decree that Defendants have been and are currently infringing, inducing others to infringe, and/or committing acts of contributory infringement with respect to the '557 Patent;

B. That this Court enter an order that Defendants and its officers, agents, servants, employees, successors and assigns, and those persons acting in concert with them, be preliminary and permanently enjoined from infringing, inducing other to infringe, and/or committing acts of contributory infringement with respect to the '557 Patent;

C. That this Court award damages to Bluestone to compensate it for each of the unlawful actions set forth in Bluestone's complaint;

D. That this Court award interest on such damages to Bluestone;

E.     That this Court treble the damages award to Bluestone pursuant to 35 U.S.C. §
284 and 271 (a), (b), and (c);

F.     That this Court determine that this patent infringement case is exceptional and
award Bluestone its costs and attorneys' fees incurred in this action pursuant to 35 U.S.C. § 285;
and

G.     That this Court award such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests a trial by jury on all issues triable thereby.

Respectfully submitted,

SMITH & GILSTRAP

By: /s/ J. Rodney Gilstrap
        J. RODNEY GILSTRAP
        P.O. Drawer A
        Marshall, TX  75671
        903-938-8321
        903-938-8331 (fax)
        gilstrap1957@yahoo.com

ATTORNEY FOR BLUESTONE
INNOVATIONS TEXAS, L.L.C.