**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| Bluestone Innovations Texas, L.L.C. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.: 2:10-CV-171 |
| | ) | Jury Trial Demanded |
| Formosa Epitaxy Inc.; | ) | |
| Huga Optotech, Inc.; | ) | |
| Nichia Corporation; | ) | |
| Nichia America Corporation; | ) | |
| Showa Denko K.K.; | ) | |
| Showa Denko America, Inc.; | ) | |
| Tekcore Co., Ltd.; | ) | |
| Toyoda Gosei Co., Ltd.; | ) | |
| Toyoda Gosei North America Corporation; | ) | |
| Toyoda Gosei Texas, L.L.C.; and | ) | |
| Walsin Lihwa Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT NICHIA CORPORATION AND**
**NICHIA AMERICA CORPORATION'S ANSWER TO**
**FIRST AMENDED COMPLAINT AND COUNTERCLAIMS**

Defendants Nichia Corporation and Nichia America Corporation

(collectively "Nichia") files this Answer and Counterclaims in response to Bluestone

Innovations Texas, L.L.C.'s ("Bluestone") August 5, 2010 First Amended Complaint For

Patent Infringement [D.I. 11] (hereinafter "Amended Complaint"):

## ANSWER

I.      THE PARTIES

        1.      Nichia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Amended Complaint, and accordingly these allegations are denied.

        2.      Nichia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Amended Complaint, and accordingly these allegations are denied.

        3.      Nichia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Amended Complaint, and accordingly these allegations are denied.

        4.      Nichia admits that Nichia Corporation is a foreign corporation existing under the laws of Japan with a principal place of business located at 491 Oka, Kaminaka-Cho, Anan-Shi, Tokushima 774-8601, Japan.  Nichia admits it has a subsidiary in the United States, with locations in Torrance, California, Duluth, Georgia, and Wixom, Michigan.  Except as so admitted, Nichia denies the remaining allegations of Paragraph 4 of the Amended Complaint.

        5.      Nichia admits that Nichia America Corporation is a subsidiary of Nichia Corporation in the United States with a principal place of business located at 48561 Alpha Drive, Suite 100, Wixom, MI 48393.

        6.      Nichia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Amended Complaint, and accordingly these allegations are denied.

7. Nichia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Amended Complaint, and accordingly these allegations are denied.

8. Nichia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Amended Complaint, and accordingly these allegations are denied.

9. Nichia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Amended Complaint, and accordingly these allegations are denied.

10. Nichia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Amended Complaint, and accordingly these allegations are denied.

11. Nichia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Amended Complaint, and accordingly these allegations are denied.

12. Nichia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Amended Complaint, and accordingly these allegations are denied.

13. Nichia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Amended Complaint, and accordingly these allegations are denied.

## II.    JURISDICTION AND VENUE

14. Nichia admits that Paragraph 14 of the Amended Complaint alleges that this action is for patent infringement arising under the Patent Laws of the

United States (Title 35 of the United States Code).  For the purposes of this action only, Nichia will not contest that this Court has subject matter jurisdiction and that Nichia is subject to the Court's specific and general personal jurisdiction.  Except as so admitted, Nichia denies the remaining allegations of Paragraph 14 of the Amended Complaint to the extent the allegations relate to Nichia.  Nichia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Amended Complaint regarding the other Defendants, and accordingly these allegations are denied.

15.     Nichia denies the allegations of Paragraph 15 of the Amended Complaint to the extent the allegations relate to Nichia.  Nichia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Amended Complaint regarding the other Defendants, and accordingly these allegations are denied.

16.     For the purposes of this action only, Nichia will not contest that it is subject to this Court's general jurisdiction.  Nichia denies the allegations of Paragraph 16 of the Amended Complaint to the extent the allegations relate to Nichia.  Nichia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Amended Complaint regarding the other Defendants, and accordingly these allegations are denied.

17.     Nichia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Amended Complaint, and accordingly these allegations are denied.

18.     Nichia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Amended Complaint, and accordingly these allegations are denied.

19.     Nichia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Amended Complaint, and accordingly these allegations are denied.

20.     Nichia admits that it has filed suit in the Eastern District of Texas to enforce at least U.S. Patent No. 5,998,925 and U.S. Patent No. 7,026,756.  Except as so admitted, Nichia denies the remaining allegations of Paragraph 20 of the Amended Complaint.

21.     For purposes of this action only, Nichia does not contest that venue is proper in this district.  Nichia denies that this district is a convenient forum.  Nichia denies the remaining allegations of Paragraph 21 of the Amended Complaint to the extent these allegations relate to Nichia.  Nichia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 21 of the Amended Complaint regarding the other Defendants, and accordingly these allegations are denied.

## III.    FACTUAL ALLEGATIONS

To the extent the headings in section III of the Amended Complaint can be read to include factual allegations, Nichia states that:

a.     Nichia denies the allegations to the extent the allegations relate to Nichia;

b.      Nichia is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the other Defendants, and accordingly these allegations are denied.

22.      Nichia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Amended Complaint, and accordingly these allegations are denied.

23.      Nichia admits that United States Patent No. 6,163,557 ("the '557 Patent") is, on its face, entitled "Fabrication of Group III-V Nitrides on Mesas" and a copy of the '557 Patent was attached to the Amended Complaint.  Nichia denies all other allegations of Paragraph 23 of the Amended Complaint.

24.      Nichia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Amended Complaint, and accordingly these allegations are denied.

25.      Nichia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Amended Complaint, and accordingly these allegations are denied.

26.      Nichia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Amended Complaint, and accordingly these allegations are denied.

27.      Nichia admits that it has engaged in the sale of the NS6W083A Power LED in the Eastern District of Texas.  Nichia denies the allegations of Paragraph 27 of the Amended Complaint to the extent the allegations relate to direct infringement. No response is required to the allegations of Paragraph 27 of the Amended Complaint to

the extent the allegations relate to indirect infringement; those allegations are subject to

Nichia's pending motion to dismiss or, in the alternative, for a more definite statement.

Except as so admitted, Nichia denies the remaining allegations of Paragraph 27 of the

Amended Complaint.

28.     Nichia denies the allegations of Paragraph 28 of the Amended

Complaint to the extent the allegations relate to direct infringement.  No response is

required to the allegations of Paragraph 28 of the Amended Complaint to the extent the

allegations relate to indirect infringement; those allegations are subject to Nichia's

pending motion to dismiss or, in the alternative, for a more definite statement.

29.     Nichia is without knowledge or information sufficient to form a

belief as to the truth of the allegations of Paragraph 29 of the Amended Complaint, and

accordingly these allegations are denied.

30.     Nichia is without knowledge or information sufficient to form a

belief as to the truth of the allegations of Paragraph 30 of the Amended Complaint, and

accordingly these allegations are denied.

31.     Nichia is without knowledge or information sufficient to form a

belief as to the truth of the allegations of Paragraph 31 of the Amended Complaint, and

accordingly these allegations are denied.

32.     Nichia is without knowledge or information sufficient to form a

belief as to the truth of the allegations of Paragraph 32 of the Amended Complaint, and

accordingly these allegations are denied.

33.     Nichia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 of the Amended Complaint, and accordingly these allegations are denied.

34.     Nichia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 of the Amended Complaint, and accordingly these allegations are denied.

## CAUSE OF ACTION
### (COUNT 1 – ALLEGED INFRINGEMENT OF THE '557 PATENT)

35.     Nichia hereby incorporates by reference its responses to each of Paragraphs 1 through 34 above.

36.     Nichia denies the allegations of Paragraph 36 of the Amended Complaint to the extent the allegations relate to Nichia.  Nichia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 of the Amended Complaint regarding the other Defendants, and accordingly these allegations are denied.

37.     Nichia denies the allegations of Paragraph 37 of the Amended Complaint to the extent the allegations relate to Nichia.  Nichia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 of the Amended Complaint regarding the other Defendants, and accordingly these allegations are denied.

38.     Nichia denies the allegations of Paragraph 38 of the Amended Complaint to the extent the allegations relate to Nichia.  Nichia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 of

8

the Amended Complaint regarding the other Defendants, and accordingly these

allegations are denied.

39.     Nichia denies the allegations of Paragraph 39 of the Amended

Complaint to the extent the allegations relate to Nichia.  Nichia is without knowledge or

information sufficient to form a belief as to the truth of the allegations of Paragraph 39 of

the Amended Complaint regarding the other Defendants, and accordingly these

allegations are denied.

**PLAINTIFF'S PRAYER FOR RELIEF**

Nichia denies that Bluestone is entitled to the relief requested or any other relief.

**FIRST AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM**

40.     Bluestone has failed to state a claim upon which relief can be

granted.

**SECOND AFFIRMATIVE DEFENSE – PATENT INVALIDITY**

41.     Each and every claim of the '557 Patent is invalid under 35 U.S.C.

§§ 101, 102,  103  and/or 112.

**THIRD AFFIRMATIVE DEFENSE – NONINFRINGEMENT**

42.     Nichia has not infringed, contributorily infringed, or induced the

infringement of any valid claim of the '557 Patent, either literally or under the doctrine of

equivalents.

43.     Nichia has not willfully infringed, contributorily infringed or

induced the infringement of any valid claim of the '557 Patent, either literally or under

the doctrine of equivalents.

9

**FOURTH AFFIRMATIVE DEFENSE –**
**PROSECUTION HISTORY ESTOPPEL AND/OR DISCLAIMER**

44.     Bluestone's claims are barred in whole or in part due to

prosecution history estoppel and/or prosecution history disclaimer.

**FIFTH AFFIRMATIVE DEFENSE –**
**EQUITABLE DOCTRINES OF LACHES AND ESTOPPEL**

45.     Bluestone and/or Bluestone's predecessors in interest delayed

filing suit for an unreasonable and inexcusable length of time from the time they knew or

reasonably should have known of their alleged claims against Nichia, and the delay

operated to cause prejudice and injury to Nichia.

46.     Under the equitable doctrine of laches, Bluestone is not entitled to

recover any alleged damages from Nichia that allegedly incurred prior to May 26, 2010,

the date this action was filed.

47.     Bluestone and/or Bluestone's predecessors in interest, through

misleading conduct, led Nichia to reasonably believe that Bluestone did not intend to

enforce the '557 Patent against Nichia.

48.     Nichia relied on Bluestone and/or Bluestone's predecessors in

interest's conduct, and due to its reliance, Nichia will be materially prejudiced if

Bluestone is allowed to proceed with their claim of infringement of the '557 Patent.

49.     Accordingly, under the doctrine of equitable estoppel, the '557

Patent is unenforceable against Nichia.

**RIGHT TO ASSERT ADDITIONAL DEFENSES**

50.     Nichia expressly reserves the right to assert and pursue additional

defenses based on information learned, gathered, and/or collected subsequent to the

preparation of this Answer, including any and all defenses based in whole or in part of

10

the conduct of the alleged inventors named in the '557 Patent, their attorneys and/or agents during prosecution of the '557 Patent.

**WHEREFORE**, Nichia prays for the following relief:

1.      That Bluestone take nothing by way of its Amended Complaint, that judgment be entered in favor of Nichia, and the Amended Complaint be dismissed with prejudice;

2.      That this is an exceptional case within the meaning of 35 U.S.C. § 285 and that Bluestone be required to pay Nichia's costs of suit incurred in defense of this action including its reasonable attorneys' fees, costs, and expenses; and

3.      Such other relief as the Court deems just and proper.

## NICHIA'S COUNTERCLAIMS

1.      Nichia Corporation is a corporation existing under the laws of Japan with a principal place of business located at 491 Oka, Kaminaka-Cho, Anan-Shi, Tokushima 774-8601, Japan.

2.      Nichia America Corporation ("Nichia America") is a subsidiary of Nichia Corporation in the United States with a principal place of business located at 48561 Alpha Drive, Suite 100, Wixom, MI 48393.

3.      On information and belief, Plaintiff Bluestone Innovations Texas, L.L.C. is a limited liability company existing under the laws of the State of Texas.

4.      These counterclaims are for declaratory judgment relief arising under 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, 35 U.S.C. § 101, et seq.

5.      Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331, 1338(a), and 1367.

6.      Venue in this district is proper for Nichia's counterclaims under 28 U.S.C. § 1391(b) and (c).

## COUNT I
## DECLARATORY JUDGMENT OF
## NONINFRINGEMENT OF THE '557 PATENT

7.      Nichia incorporates by reference the allegations made in Paragraphs 1-50 of Nichia's Answer and in Paragraphs 1-6 of Nichia's Counterclaims above.

8.      An actual controversy exists between Nichia and Bluestone over Nichia's alleged infringement of the '557 Patent.

12

9.      Nichia has not infringed, contributorily infringed, or induced the infringement of any valid claim of the '557 Patent, either literally or under the doctrine of equivalents.

10.     Nichia has not willfully infringed, contributorily infringed, or induced the infringement of any valid claim of the '557 Patent, either literally or under the doctrine of equivalents.

11.     Bluestone's claims that Nichia has infringed, contributorily infringed or actively induced the infringement of the '557 Patent, and that Nichia is continuing to do same, render this case exceptional within the meaning of 35 U.S.C. § 285, entitling Nichia to recover its attorneys' fees, costs and expenses incurred in defending this action.

## COUNT II
## DECLARATORY JUDGMENT OF
## INVALIDITY OF THE '557 PATENT

12.     Nichia incorporates by reference the allegations made in Paragraphs 1-11 of Nichia's Counterclaims above.

13.     An actual controversy exists between Nichia and Bluestone over the invalidity of the '557 Patent.

14.     All claims of the '557 Patent are invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112.

15.     By asserting the '557 Patent against Nichia, the claims of which are invalid, Bluestone has made this case exceptional, entitling Nichia to recover its attorneys' fees, costs, and expenses incurred in this action.

## RIGHT TO ASSERT ADDITIONAL COUNTERCLAIMS

16.     Nichia expressly reserves the right to assert and pursue additional counterclaims based on information learned, gathered, and/or collected subsequent to the preparation of this Answer, including any and all counterclaims based in whole or in part of the conduct of the alleged inventors named in the '557 Patent, their attorneys and/or agents during prosecution of the '557 Patent.

## PRAYER FOR RELIEF

For the reasons set forth above, Nichia prays for the Court's judgment that:

a)     Each claim of the '557 Patent is invalid;

b)     Nichia has not infringed, contributorily infringed, or induced the infringement of any claim of the '557 Patent;

c)     Plaintiff's Amended Complaint be dismissed with prejudice;

d)     Plaintiffs take nothing by reason of its claims against Nichia;

e)     this case is exceptional and entitles Nichia to an award of its costs, expenses and attorneys' fees under  35 U.S.C. § 285; and

f)     Nichia be granted such other and further relief at law or equity as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Nichia demands trial by jury on all issues triable by jury.

Dated: January 3, 2011

      Respectfully Submitted,

      By: /s/ Robert P. Parker (by Collin Maloney with
      permission
         John E. Nathan
         Catherine Nyarady
         Brian P. Egan
         Paul, Weiss, Rifkind, Wharton & Garrison LLP
         1285 Avenue of the Americas
         New York, New York 10019-6064
         Telephone: (212) 373-3000
         Facsimile: (212) 757-3990

         Robert P. Parker
         Diane C. Gaylor
         J. Brian Hart, Jr.
         Ludovic C. Ghesquiere
         Paul, Weiss, Rifkind, Wharton & Garrison LLP
         2001 K Street, NW
         Washington, DC 20006-1047
         Telephone: (202) 223-7300
         Facsimile: (202) 223-7420

         Otis Carroll
         TX State Bar No. 03895700
         Collin Michael Maloney
         TX State Bar No. 00794219
         Ireland Carroll & Kelley
         6101 S Broadway,Suite 500
         Tyler, TX 75703
         Tel: (903) 561-1600
         Fax: (903) 581-1071
         Email: fedserv@icklaw.com

         *Attorneys for Defendants,*
         *Nichia Corporation,*
         *Nichia America Corporation*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by facsimile transmission and/or first class mail this 3rd day of January, 2011.


/s/ Collin Maloney