IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUESTONE INNOVATIONS LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>NICHIA CORP.; NICHIA AMERICA CORP.,<br><br>    Defendant. | No. C 12-00059 SI<br><br>**ORDER RE: ADMINISTRATIVE MOTION TO SEAL** |

On March 8, 2013, the parties stipulated to an administrative motion to file documents under seal in the Nichia defendants' motion to dismiss for lack of standing. The parties stipulate to seal: (1) the entire motion; (2) the entirety of the Exhibits 2-7, 9-10, and 13-20 of the Declaration of Brian Egan; (3) the entirety of the Declaration of Yuji Matsuyama; and (4) Exhibits A-C of the Matsuyama Declaration. Decl. of Brian P. Egan in Supp. of Stipulation to File Under Seal ("Egan Decl.") ¶¶ 2-3. They argue these should be sealed because Nichia, Bluestone, and third parties Thompson Licensing, LLC and Xerox Corporation have designated these documents "Confidential" or "Highly Confidential–Attorneys' Eyes Only." Only Nichia has provided a declaration supporting the motion to seal. Nichia argues that the Matsuyama Declaration and Exhibits A-C should be sealed because they contain "confidential business information" which provides "a business advantage to Nichia and Nichia's customers and is not generally known or publically available." *Id.* ¶ 6.

"A stipulation, or a blanket protective order that allows a party to designate documents as sealable, will not suffice to allow the filing of documents under seal." Civ. L.R. 79-5(a). With the exception of a narrow range of documents that are "traditionally kept secret," courts begin their sealing analysis with "a strong presumption in favor of access." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d

1122, 1135 (9th Cir. 2003). When applying to file documents under seal in connection with a non-dispositive motion, a showing of "good cause" under Federal Rule of Civil Procedure 26(c) is sufficient for the Court to file the documents under seal. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006); *see also* Fed. R. Civ. P. 26(c). To show good cause, the moving party must still make a "particularized showing" that "specific harm or prejudice will result if the information is disclosed." *Kamakana*, 447 F.3d at 1179-80; *Apple, Inc. v. Samsung Elecs. Co. Ltd.*, Case No. 11–CV–01846 LHK (PSG), 2012 WL 4120541, at *1 (N.D. Cal. Sept. 18, 2012). "Simply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden." *Kamakana*, 447 F.3d at 1184. Neither do "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning." *Phillips*, 307 F.3d at 1211.

The parties have failed to make a particularized showing that good cause exists for these documents to be filed under seal. Their blanket assertions that documents contain confidential information or were designated "Attorneys' Eyes Only" are insufficient, and merely stipulating to file the documents under seal is not enough.[1] *See* Local Rule 79-5(a). Moreover, Nichia's vague assertions that documents contain information that provides a "business advantage" and are not generally known does not show a specific harm or prejudice. It is not enough to overcome the strong presumption in favor of access and seal documents in their entirety.

Accordingly, the parties shall make the requisite showing that the documents at issue are sealable, **no later than April 1, 2013**. If the parties do not do so, the documents will be made part of the public record.

**IT IS SO ORDERED.**

Dated: March 25, 2013

SUSAN ILLSTON
United States District Judge

---

[1] The parties also failed to follow Local Rule 79-5(d), which requires the designating party to file a declaration establishing the document is sealable within 7 days of the filing of the motion to seal.

2