IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BLUESTONE INNOVATIONS LLC,

    Plaintiff,

v.

NICHIA CORP.; NICHIA AMERICA CORP.,

    Defendants.
                              /

No. C 12-00059 SI

**ORDER RE: ADMINISTRATIVE MOTION TO SEAL**

On March 8, 2013, the parties stipulated to an administrative motion to file documents under seal in the Nichia defendants' motion to dismiss for lack of standing. The Court found that the parties had failed to make a particularized showing that good cause existed for these documents to be filed under seal. Accordingly, it ordered the parties to make the requisite showing that the documents are sealable. Docket No. 272. The parties have satisfactorily responded to the Court's order.

Initially, the parties argued that the moving papers and a majority of the exhibits should be sealed in their entirety because Nichia, Bluestone, and third parties Thompson Licensing, LLC and Xerox Corporation have designated these documents "Confidential" or "Highly Confidential–Attorneys' Eyes Only." However, only Nichia provided a declaration supporting the motion to seal, and the Court found that declaration inadequate.

Nichia has withdrawn its request to file certain exhibits under seal, and has filed them in the public record. *See* Docket No. 277. It is no longer requesting that any Nichia information in the briefs or the related exhibits be sealed. Docket No. 280 ¶ 2. Additionally, the third parties are not requesting that some of the exhibits be sealed. The remaining documents that the parties request to file under seal are: (1) the entirety of the motion to dismiss, the opposition, and the reply; (2) the entirety of Exhibits

2-7, 9-10, 13-16, and 18-20 of the Declaration of Brian Egan; (3) the entirety of Exhibits 1, 2, and 4 to the Declaration of David Mahalek; and (4) the entirety of Exhibit 1 to the Declaration of Alexander B. Parker. *Id.* ¶¶ 1-2, 6.

In support of the motion to seal, Bluestone, Thompson Licensing, and Xerox have filed detailed declarations explaining why there is "good cause" to file each exhibit under seal. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006); *see also* Fed. R. Civ. P. 26(c). The majority of the documents discuss confidential information, such as explicit details regarding negotiations in licencing agreements and internal decision-making processes, and the parties show how disclosure would harm future business dealings.

The Court finds that the parties have made a "particularized showing" that "specific harm or prejudice will result if the information is disclosed" with respect to the Exhibits. *Kamakana*, 447 F.3d at 1179-80. However, the Court also finds that the motion, opposition, and reply need not be sealed in their entirety. Only a portion of these documents contains sealable information.

Accordingly, the Court ORDERS that (1) Exhibits 2-7, 9-10, 13-16, and 18-20 of the Declaration of Brian Egan; (2) Exhibits 1, 2, and 4 to the Declaration of David Mahalek; and (2) Exhibit 1 to the Declaration of Alexander B. Parker be filed under seal. Furthermore, the Court ORDERS the parties to file redacted versions of the motion to dismiss, opposition, and reply, **no later than April 22, 2013**. *See* Docket No. 280 ¶ 7. The remaining documents shall be made part of the public record. This resolves Docket No. 275.

**IT IS SO ORDERED.**

Dated: April 15, 2013

SUSAN ILLSTON
United States District Judge