IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUESTONE INNOVATIONS LLC,<br><br>Plaintiff,<br><br>v.<br><br>NICHIA CORP.; NICHIA AMERICA CORP.,<br><br>Defendants. | No. C 12-00059 SI<br><br>**ORDER RE: DISCOVERY DISPUTE** |

The parties had several disputes regarding whether Bluestone's infringement contentions were in compliance with Patent Local Rule 3-1. *See* Docket No. 334. They disputed whether (1) Bluestone could rely upon representative claim charts, and (2) whether the infringement contentions were sufficiently specific. The parties resolved the second dispute, but the dispute regarding representative claim charts remains active. *See* Docket No. 338.

Under Patent Local Rule 3-1, parties must disclose separately, for each asserted claim and each Accused Instrument, a "chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality." Patent L.R. 3-1©. The contentions must be sufficient to provide "reasonable notice to the defendant why the plaintiff believes it has a reasonable chance of proving infringement," and "raise a reasonable inference that all accused products" infringe. *Shared Memory Graphics LLC v. Apple, Inc.*, 812 F. Supp. 2d 1022, 1025 (N.D. Cal. 2010) (quotations omitted). However, claim charts can, in appropriate cases and given appropriate support, place accused products into representative categories. *See, e.g.*, *Bender v. Maxim Integrated Products, Inc.*, C09-01152 SI, 2010 WL 1135762, *2-3 (N.D. Cal. March 22, 2010).

Bluestone argues that its representative claim charts are sufficient to provide reasonable notice to Nichia about why Bluestone believes that the Nichia products are infringing. Bluestone has only accused one category of Nichia products, white surface mount LEDs. The claim charts explain how this category of products infringes Bluestone's claims. Bluestone argues that for it to have reverse-engineered all 101 products in that category, it would have taken over a year of laboratory time and cost more than $500,000 in laboratory testing fees alone.

Nichia argues that Bluestone's representative claim charts are insufficient because they identify the allegedly infringing features of only 7 of the 101 products accused of infringement, and fail to explain why these 7 products are representative. "[The patent holder] bears the burden of explaining why its claim chart is representative of all accused products." *Digital Reg of Texas, LLC v. Adobe Sys. Inc.*, CV 12-01971-CW KAW, 2013 WL 633406 (N.D. Cal. Feb. 20, 2013) (citation omitted); *see also Bender*, C–09–01152–SI, 2010 WL 1135762, at *3 (N.D.Cal., March 22, 2010) (holding that plaintiff's nine claim charts representing 200 infringing products did not comply with Patent L.R. 3–1, because the plaintiff failed to provide "an adequate explanation of why the claim charts are representative of all of the accused products.").

The Court finds that Bluestone has failed to show how the seven claim charts are representative of the Accused Instrumentalities as a whole. In its infringement contentions, it merely states its belief that these products are infringing, without providing *any* support for its belief: "The structures and features identified in these claims *are believed* to be commonly present in each of the Accused Instrumentalities identified in Appendix A. . . . . Bluestone *believes* that Nichia has information in its possession, custody or control that will confirm Bluestone's contentions regarding the structural similarities among the Accused Instrumentalities that have been identified." Docket No 334, Ex. 1 at 5 (emphasis added). While the Court is sensitive to Bluestone's concerns about the expense of reverse engineering over 100 products, it must provide more evidence to show that these products are representative. The Court does not find that it has met this burden.

Accordingly, Bluestone must show **by no later than October 14, 2013**, why its claim charts are representative. Otherwise, the Court shall limit the infringement contentions to the accused products actually contained in the infringement contentions.

**IT IS SO ORDERED.**

Dated: September 25, 2013

SUSAN ILLSTON
United States District Judge